# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MEGAN GAZAWAY, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| RIMS USA, LLC d/b/a RNR TIRE EXPRESS | ] JURY DEMAND |
| Defendants. | ] |

## COMPLAINT

Comes now the Plaintiff, Megan Gazaway, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

1. This action involves the application of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3. The claims asserted in this action arose in Hamilton County, Chattanooga, Tennessee; therefore, proper venue for this action lies within the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on December 14, 2020, and received

by Plaintiff on December 17, 2020, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. Megan Gazaway ("Ms. Gazaway" or "Plaintiff"), is an adult female individual and citizen of the United States who resides in Whitfield County, Dalton, Georgia.

6. At all relevant times, Plaintiff was an employee of Defendant Rims USA, LLC d/b/a RNR Tire Express ("Defendant" or "RNR") within the meaning of Title VII.

7. Defendant is a foreign limited liability company or similar business entity and regularly conducts business at 3511 Ringgold Road, Chattanooga, Tennessee.

## FACTUAL ALLEGATIONS

8. RNR hired Ms. Gazaway in or around January 2018.

9. Ms. Gazaway worked as an Account Manager at RNR from in or around January 2018 until June 17, 2020.

10. Beginning in May 2018, Stephen "Andy" Norton began sexually harassing Ms. Gazaway.

11. Mr. Norton was Ms. Gazaway's supervisor.

12. Mr. Norton's comments to Ms. Gazaway included "I'd love to stick it in" and "You're so hot I almost can't stand to not touch you."

13. Mr. Norton's behavior progressed to include touching Ms. Gazaway without her consent, including rubbing her shoulders, forcible hugging her, and thrusting his pelvis at her.

14. Mr. Norton asked Ms. Gazaway for sex on numerous occasions.

15. Mr. Norton sent Ms. Gazaway lewd pictures of his penis and a video of his wife performing oral sex on him.

16. On several occasions, Mr. Norton offered Ms. Gazaway a pay raise in exchange for nude photographs of Ms. Gazaway.

17. On or around May 7, 2018 Mr. Norton walked up behind Ms. Gazaway and thrusted his hips into the back of her work chair several times making the chair rock back and forth.

18. Ms. Norton threatened to withhold Ms. Gazaway's weekly bonus from her if she did not give him attention or send him explicit pictures.

19. Mr. Norton often waited outside the Accounts Department office door, where there are no cameras, while Ms. Gazaway was in the bathroom.

20. Upon exiting the bathroom, Mr. Norton would force Ms. Gazaway to hug him.

21. While forcefully hugging her, Mr. Norton would thrust his crotch against her.

22. When Ms. Gazaway rejected Mr. Norton's advances, Mr. Norton would ignore Ms. Gazaway's work-related questions and concerns.

23. Mr. Norton alluded to the staff that they would be fired for reporting sexual harassment.

24. Mr. Norton regularly refers to female employees as "bitches" and "whores."

25. Mr. Norton does not allow Ms. Gazaway to work in the front of the store or to interact with customers.

26. Ms. Gazaway was denied a position in the Sales Department despite exceptional qualifications and the position remaining available.

27. Only male employees work in the Sales Department.

28. Ms. Gazaway and the other current female employee as the time of Ms. Gazaway's employment were given desks in the back of Defendant's Chattanooga store with little to no customer interaction.

29. In addition to Mr. Norton, Ms. Gazaway has been sexually harassed by Matthew Palmer, another employee of Defendant.

30. Mr. Palmer has made harassing comments to Ms. Gazaway including "women aren't equal to men" and "women should be seen, not heard."

31. Mr. Palmer also stated that he "would fuck" several of the store's customers.

32. On one occasion, Mr. Palmer sent Ms. Gazaway a picture of what ostensibly was singer Demi Lovato nude.

33. Ms. Gazaway repeatedly rejected Mr. Palmer's sexual advances.

34. In December 2019, Mr. Palmer became violent and aggressive towards Ms. Gazaway.

35. On one occasion, Mr. Palmer placed a knife to the back of Ms. Gazaway's head while she unknowingly sat at her work desk.

36. Mr. Palmer made slashing movements with the open knife at Ms. Gazaway's head.

37. Mr. Palmer then pointed the open knife directly at the security camera.

38. Despite Ms. Gazaway's complaints, Mr. Palmer was not fired nor disciplined.

39. The above incident was caught on a security camera.

40. As a result of Mr. Palmer's behavior, Ms. Gazaway obtained a Restraining Order against him.

41. Due to the restraining order, Mr. Palmer worked at Defendant's Knoxville location when Ms. Gazaway was working in Chattanooga and in the Chattanooga location on her days off.

42. Ms. Gazaway reported Mr. Norton's sexual harassment to William Naylor, Defendant's corporate trainer, on multiple occasions.

43. On October 23, 2019, Ms. Gazaway expressed her concerns about the continued harassment to Mr. Naylor via text message.

44. In response to Ms. Gazaway's concerns, Mr. Naylor asked that the conversation be continued via Snapchat.

45. On January 31, 2020, Ms. Gazaway contacted Ken Mashburn, Defendant's Operations Manager, to submit a formal complaint against Mr. Norton.

46. On January 31, 2020 Mr. Mashburn presented Ms. Gazaway with a "Notification of Sexual Harassment Claim" report.

47. This report concluded that Ms. Gazaway never previously reported the harassment to any associates or upper management.

48. The report also stated that the Defendant was "unable to find any corroborating evidence to substantiate Megan's claim of harassment, sexual or otherwise."

49. Ms. Gazaway filed a Charge of Discrimination with the Equal Opportunity Employment Commission on February 11, 2020.

50. On February 27, 2020, Mr. Mashburn came to the Chattanooga, Tennessee location and told Ms. Gazaway to go to the Accounts Department office.

51. Mr. Mashburn informed Ms. Gazaway that he would like to discuss her behavior.

52. During this meeting, Mr. Mashburn told Ms. Gazaway that she was a "cam girl" who has "orgy parties in Nashville" and who has "sex with older men while [her] husband watches."

53. Ms. Gazaway refuted all of Mr. Mashburn's allegations.

54. After Ms. Gazaway's meeting with Mr. Mashburn, Mr. Mashburn gave Ms. Gazaway a disciplinary action report that's states, "Megan has consistently demonstrated disruptive and emotional behavior in the store causing moral [sic] issues among other Associates."

55. Ms. Gazaway refused to sign the disciplinary action report.

56. On June 17, 2020 RNR terminated Ms. Gazaway's employment, citing her February disciplinary action report.

57. Plaintiff was discharged in retaliation for engaging in a protected activity.

### COUNT I – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2(a)(1) RETALIATION

58. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

59. Plaintiff is a female and a member of a protected class under Title VII of the Civil Rights Act.

60. Plaintiff was qualified for her position.

61. Plaintiff was subjected to disparate treatment because of her sex in violation of Title VII of the Civil Rights Act.

62. Defendant is vicariously liable for the actions of its management and supervisors.

63. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

64. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

### COUNT II – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2 HOSTILE WORK ENVIRONMENT SEXUAL HARRASSMENT

65. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

66. Plaintiff is a female and a member of a protected class.

67. Plaintiff was subjected to unwelcome sexual harassment in the form of sexual advances and/or other verbal or physical conduct of a sexual nature.

68. The harassment was based upon her sex.

69. The sexual harassment was sufficiently severe and pervasive to alter the terms and conditions of her employment and to create a hostile work environment.

70. Defendant knew of Mr. Norton's prior sexual harassment but failed to take action or reasonably act on its knowledge.

71. Defendant is liable for its negligence.

72. As a direct and proximate result of the acts and/or omissions of Defendant set forth above, plaintiff has suffered, is not suffering, and will continue to Suffer, emotional pain and mental anguish.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(4) a tax offset to neutralize the tax burden of any award;

(5) attorney's fees, interest and costs; and

(6) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

<u>**/s/ Jonathan Street**</u>
**JONATHAN A. STREET, BPR No. 021712**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Ste. 402
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*